1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.  2:12-mj-00190-CWH |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| JT MCMANUS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

   This matter is before the Court on Defendant's Ex Parte Motion for Issuance of Subpoenas Duces Tecum (#6), filed June 12, 2012; Defendant's Motion to Dismiss (#7), filed June 20, 2012; and the United States Response (#8).

**1.  Motion to Dismiss (#8)**

   By way of this motion, Defendant requests that the Court dismiss the complaint filed against him because of claimed improprieties in the allegations set forth and the evidence produced by the United States.  The undersigned will address this motion prior to trial, which is scheduled to begin Wednesday, July 18, 2012, at 9:00 AM.

**2.  Ex Parte Motion for Issuance of Subpoenas (#6)**

   It appears that Defendant is requesting subpoenas pursuant to Fed. R. Crim. P. 17(b).  Rule 17(b) describes the procedure for defendants unable to pay the requisite witness fees.  Rule 17(b) also permits an *ex parte* application requesting the issuance of subpoenas.  Courts authorize the issuance of a subpoena to a defendant who is unable to pay "if the defendant shows an inability to pay the witness's fees and the necessity of the witness's presence for an adequate defense."  Fed. R. Crim. P. 17(b). From the beginning of the case, Defendant has refused to submit a financial affidavit or provide any financial details to the Court.  No details are provided in the subpoena request.  Moreover, it is Defendant's burden to prove that the proposed witness's testimony is

1   necessary to his defense. *United States v. Smith*, 637 F.2d 625, 627 (9th Cir. 1980). Defendant has

2   offered no explanation as to the intended use or expected testimony of the proposed witness's and,

3   therefore, the request will be denied.

4          Defendant also appears to request subpoenas duces tecum pursuant to Fed. R. Crim. P.

5   17(c), which, in pertinent part, provides:

6          A subpoena may order the witness to produce any books, papers, documents, data,
       or other objects the subpoena designates. The court may direct the witness to
7       produce the designated items in court before trial or before they are to be offered
       in evidence. When the items arrive, the court may permit the parties and their
8       attorneys to inspect all or part of them.

9   Fed. R. Crim. P. 17(c)(1). The standards governing the issuance of subpoenas *duces tecum* under

10  Fed. R. Crim. P. 17(c) were analyzed recently in *United States v. Sellers*, 275 F.R.D. 620 (D. Nev.

11  2011). Courts have discretion to direct that a subpoena *duces tecum* be made returnable before

12  trial. Nevertheless, Rule 17 is not a discovery device. *See e.g.*, *United States v. Nixon*, 418 U.S.

13  683, 689 (1974); *see also Sellers*, 275 F.R.D. at 622-23 (collecting cases). As noted in *Sellers*,

14  "Leave of court is required for a pretrial subpoena *duces tecum*." *Id*. at 623 (citation omitted). The

15  Supreme Court has stated that "[e]nforcement of a pretrial subpoena *duces tecum* must necessarily

16  be committed to the sound discretion of the trial court since the necessity for the subpoena most

17  often turns upon a determination of factual issues." *Nixon*, 418 U.S. at 702.

18         The moving party bears the burden of showing good cause for the requested pretrial

19  production. Generally, courts look to the factors first identified in *United States v. Iozia*, 13 F.R.D.

20  335 (S.D.N.Y. 1952) for guidance in determining whether pretrial production is appropriate. *See*

21  *Nixon*, 418 U.S. at 699. The *Iozia* standard requires a showing: (1) that the documents are

22  evidentiary and relevant; (2) that the documents are not otherwise procurable reasonably in advance

23  of trial by exercise of due diligence; (3) that the defendant cannot properly prepare for trial without

24  production in advance of trial and that failure to obtain the documents may unreasonably delay the

25  trial; and (4) that the application is made in good faith and not intended as a fishing expedition.

26  *Nixon*, 418 U.S. at 699-700 (citing *United States v. Iozia*, 13 F.R.D. 335, 338 (S.D.N.Y. 1952)).

27         Against the backdrop of *Ioza*, the Supreme Court identified "three hurdles" that a moving

28  party must clear in order to carry his burden: relevancy, admissibility, and specificity. *Nixon*, 418

2

U.S. at 700.  The moving party must "show the evidentiary nature of the requested materials ...." *United States v. Skeddle* 178 F.R.D. 167, 168 (N.D. Ohio 1996).  Conclusory allegations of relevance or admissibility are not sufficient.  *Sellers*, 275 F.R.D. at 623-24 (citations omitted). Documents requested in a Rule 17(c) subpoena must have more than some potential relevance or evidentiary use, there must be a sufficient likelihood that the requested material is relevant to the offenses charged in the indictment.  *Id.* at 624 (citing *Nixon*, 418 U.S. at 700).  The specificity requirement "ensures that the subpoenas are used only to secure for trial certain documents or sharply defined groups of documents."  *Id.*  (quoting *United States v. Jackson*, 155 F.R.D. 664, 667 (D. Kan. 1994)).  Requiring specificity also protects against Rule 17(c) subpoenas being used improperly to engage in fishing expeditions.  *Id.* (citation omitted).

Here, Defendant has not cleared any of the "hurdles" identified by the United States Supreme Court in *Nixon*.  He has not specified what documents he seeks to subpoena or that any documents he seeks are relevant or admissible.  Consequently, the Court finds that the request for subpoenas duces tecum must be denied.

DATED this 16th day of July, 2012.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**

3